**Purcell v. Bingham
Hatgimisios v. Bingham**

*Bernard C. Brynow*, for petitioner.
*Andrew Borek*, contra.

TAKIFF, *J.*, July 1, 1975—This is a motion for consolidation of the above cases under Pa.R.C.P. 213(a), by Raymond Purcell, plaintiff in no. 6028 and additional defendant in no. 4813. The complaint in no. 6028 is in trespass and avers that plaintiff, Purcell, on December 6, 1971, at about 9:30 p.m. had stopped his motor vehicle facing south on Ashton Road near Tremont Street in Philadelphia when defendant, Bingham, drove into the rear of his automobile causing plaintiff injuries. Thereafter, the complaint continues, defendant, Louise Hatgimisios, traveling in a southerly direction on Ashton Road, failed to stop before striking the Bingham car, the result of which was a second collision between the Bingham and Purcell vehicles. Negligence is claimed in that defendants operated their cars at too great a rate of speed and without proper regard for plaintiff. Judgment is demanded in excess of $10,000, and a major case petition has been filed and granted.

The complaint in no. 4813 avers that plaintiff, Louise Hatgimisios, was driving her auto in a southerly direction on Ashton Road when defendant Thomas Bingham, Jr.'s car, which was also being driven southerly on Ashton Road "was so negligently and carelessly controlled and operated as to cause it to collide with the front of plaintiff's motor vehicle." There is no doubt but that this accident is one aspect of the incident complained of in no. 6028. Plaintiffs, including two minor passengers as

well as the operator, sued Thomas Bingham in addition to the operator saying he was owner of the car and, by agency, liable for Thomas Bingham, Jr.'s conduct. There are four counts in damages but the key point is that both the complaint and the certificate of readiness indicate that damages less than $10,000 are sought. The parties agree that, absent the question of consolidation, the proper forum for this action is arbitration. No counterclaim or cross claims are put forward. Purcell, plaintiff in no. 6028, has been joined as an additional defendant in no. 4813.

Pa.R.C.P. 213(a) deals with the court's discretionary power to order consolidation of actions:

"(a) When actions involving a common question of law or fact are pending before the court, the court on its own motion or on motion of any party may order a joint hearing or trial of any or all the matters in issue in the actions, may order all of the actions consolidated, and may make such orders concerning proceedings therein as may avoid unnecessary costs or delay."

The obvious reason for this rule is to prevent multiplicity of suits. The present cases have clear commonality of fact and law and, absent the problem of consolidating a major case with an arbitration case, these matters would be appropriate for consolidation and any other conclusion is an invitation to the precise waste the rule sought to avoid.

In Philadelphia, arbitration is mandatory for all cases at issue when the amount in controversy, exclusive of interest and costs, shall be $10,000 or less: Philadelphia Arbitration Rules, Rule I, passed pursuant to Act of June 16, 1836, P.L. 715, as amended, July 9, 1971, P.L. 220, 5 P.S. §30. The rationale of arbitration also seeks to unclog the

court dockets. Mr. Justice Stern of the Pennsylvania Supreme Court spoke at length of the advantages of the enabling act:

"The Act of 1952, greatly enlarging, as it does, the scope of the Act of 1836, is of extreme importance in that it effects a decided innovation in procedure for the adjudication of the class of minor claims to which it relates. It has many obvious advantages. It is clearly designed to meet the situation which prevails in some communities of jury lists being clogged to a point where trials can be had only after long periods of delay, — a condition resulting largely from the modern influx of negligence cases arising from automobile accidents in a great number of which no serious personal injuries are involved. Removing the smaller claims from the lists not only paves the way for the speedier trial of actions involving larger amounts, but, what is of equal or perhaps even greater importance, makes it possible for the immediate disposition of the smaller claims themselves, thus satisfying the need for prompt relief in such cases. By the same token, and working to the same end, the use of the Act will free courts for the speedier performance of other judicial functions. Moreover, there will be a saving to claimants of both time and expense by reason of greater flexibility in fixing the exact day and hour for hearings before the arbitrators as compared with more cumbersome and less adaptable arrangements of court calendars." Smith Case, 381 Pa. 223, 229, 112 A. 2d 625 (1955).

Decidedly, the weight of authority is that a case that mandatorily must be submitted to arbitration should not be consolidated with a major case. In Koch v. Carroll, 48 Luz. 189 (C.P. Luz. Co., 1958), three actions arose from the same auto accident: J.

Koch v. P. Carroll, wherein suit was brought for $792.34 and under local rule was mandatorily before arbitrators; P. Carroll and C. Carroll (wife) v. J. Koch for injury damages in excess of the arbitration limit; and C. Carroll v. J. Koch and P. Carroll additional defendant. Defendant, P. Carroll, sought to have the first action struck from the arbitration list on grounds similar to those asserted by petitioner in the present cases, that whoever lost the arbitration would appeal, bringing the case before a jury in any event. The court en banc refused the prayer on the grounds that (a) arbitration is mandatory under the local rule, and (b) until an appeal from an award is made, the matter is not "pending before the court" so as to come within the purview of Rule 213(a). This twofold logic supported refusals to consolidate in two similar cases: Pettine v. Patterson, 18 D. & C. 2d 436 (C.P. Montg. Co., 1959) and Shalamanda v. Laudeman, 18 D. & C. 2d 734 (C.P. Schuylkill Co., 1959). The issue has apparently never been the subject of appellate review, but in Smith, supra, the Supreme Court said at page 235: "it is the statute itself which provides for such boards, leaving to the courts only the right to make administrative regulations; all the powers to be exercised by the arbitrators are also granted to them, not by the court, but by the statute."

It has also been held that the decision in an arbitration case will not be res judicata of a major case possessing otherwise sufficient commonality. In Dingle v. Dattner, 40 D. & C. 2d 661 (C.P. Luz. Co., 1966) plaintiff sued defendant for a sum in excess of $10,000 for injuries suffered in an auto accident. Allegedly, plaintiff had been driving down a street when his car was struck broadside by defendant's auto and propelled into a parked vehicle wherein

several persons were sitting. Those individuals sued plaintiff, Dingle, in a separate proceeding for a sum below the arbitration limit. Plaintiff then brought in Dattner as an additional defendant but, in the trial of the case before arbitrators, he did not pursue his cause of action. Naturally, when sued separately by plaintiff in the case before the court, Dattner argued res judicata now precluded plaintiff from suing him again. The court disagreed, citing the rationale of Koch and Pettine, supra, and said, at page 669:

"As stated above, the amount in the controversy governs the forum. If the forum is arbitration, it is compulsory. Here, we do not have present identity of the cause of action (no. 2), and thus, the matter is not res judicata."

The fear of no. 4813 becoming res judicata of no. 6028 is not of great substance, because, under prevailing logic, an arbitration decision arising out of the same occurrences as a separately instituted major case does not possess sufficient identity with the latter for res judicata purposes, and because upon appeal from an arbitration award, the cases could then be consolidated, assuming the major case had not gone on to trial, in which event there would not be the res judicata problem. Additionally, there are sufficient differences in the identities of the parties in the several actions to make res judicata or estoppel by judgment of no real moment. I am aware that to refuse to consolidate may well require an additional trial (the one at the arbitration level), but given the fact that the local rule is mandatory and not discretionary, I am obliged to honor the mandate of the local rule and the underlying statute and deny the motion to consolidate.